[Nos. 3,423, 3,591.]

## PILLSBURY v. BROWN AND PILLSBURY v. MARTIN.

SALARIES AND FEES OF DISTRICT ATTORNEYS.—Section four thousand three hundred and thirty of the Political Code, as amended by the Act of March 28th, 1872, was intended to regulate the salaries of District Attorneys, as contradistinguished from fees to which they were entitled under existing laws, and does not repeal prior statutes allowing fees in addition to salaries.

APPLICATIONS upon agreed statements for peremptory writs of mandate, commanding the respondents, as Justices of the Peace, to tax fees claimed by the petitioner as District Attorney of San Joaquin County. The petitioner successfully prosecuted certain cases of assault and battery before the respondents as Justices of the Peace in Stockton Township— one case in July and another in October, 1872. The Justices refused to tax the fee of fifteen dollars, allowed in such cases by the statute of 1869–70 (Sec. 20), on the ground that section four thousand three hundred and thirty of the Political Code, as amended by the Act of March 28th, 1872, fixed the salary of the District Attorney of San Joaquin County at two thousand five hundred dollars, in lieu of all fees, in effect repealing the prior statute allowing fees.

*Creed Haymond*, for Petitioner.

Section twenty of the Act of 1869–70 (Statutes of 1869–70, p. 169) provides that the District Attorney shall, in addition

to the salary therein provided for, receive for each conviction in cases of misdemeanor fifteen dollars.　On the 28th of March, 1872, the Legislature passed an Act amendatory of section four thousand three hundred and thirty of the Political Code, fixing the salaries of all the District Attorneys of the State.　This Act, it is contended, repeals the Act of 1869–70 before referred to; but considered alone this result could not possibly be worked out.　So far as there is any repeal it is by implication, and the implied repeal extends only to salaries, while all of the Act of 1869–70 applicable to fees would continue in force and effect.　But it is said that section eighteen of the Political Code repeals all of the Act of 1869–70, because section four thousand three hundred and thirty is upon the same subject.　The first answer to this position is that the Act of 1871–2, putting into effect section four thousand three hundred and thirty, does not put into effect section eighteen of the Code.　It must have been held in the "Reporter's Case" that the preliminary provisions were not put into effect by putting into effect certain sections found in other portions of the Code.　But admit, for the sake of the argument, that section eighteen is in force and operative upon section four thousand three hundred and thirty, the result contended for by the respondent does not by any means follow.　Section eighteen of the Political Code expressly reserves from its operation laws expressly continued in force by that Code, and section four thousand three hundred and thirty-one of that Code is as follows:　"Section 4,331.　Nothing in this Code not contained in this Chapter affects any of the provisions of the statutes relating to the compensation, salaries, or fees of county or township officers; but all such statutes are recognized as continuing in force, notwithstanding the provisions of this Code, except so far as they are affected by or are inconsistent with the provisions of this Chapter."　And the statutes referred to in section four thousand three hundred and thirty-one are not affected

by the Chapter referred to except in so far as they relate to the salaries of the County Judges and District Attorneys of the several counties. It is said that from the fact that the Legislature raised the salaries of District Attorneys it must be inferred that the Legislature intended to take away the fees hitherto allowed to these officers. In answer to this position, it may be said that the reason that led to the increase of these salaries is part of the political history of the country. The Code took from the District Attorneys the collection of delinquent taxes, thus cutting off from the office a large portion of its revenues—to remedy this the increase was made. Again, in seeking the legislative intent, we may refer to section four thousand three hundred and thirty-one of the Political Code—wherein it is in effect declared that the fees are still attached to the office.

*Byers & Elliott* and *Roysdon*, for Respondents.

By section four thousand three hundred and thirty of the Political Code, the annual salaries of District Attorneys in all the counties of the State were fixed, and no reference is therein made to the matter of fees. This is the only section of the Political Code concerning fees and salaries which takes effect before January 1st, 1873. Section eighteen of the Political Code, now in force, provides that "No statute, law, or rule is continued in force because it is consistent with the provisions of this Code on the same subject, but in all cases provided for by this Code, all statutes, laws, and rules heretofore in force in this State, whether consistent or not with the provisions of this Code, unless expressly continued in force by it, are repealed and abrogated." This repeal or abrogation does not revive any former law heretofore repealed, nor does it affect any right already existing or accrued, or any action or proceeding already taken, except as in this Code provided; nor does it affect any private statute "not expressly repealed." Respondent contends, that by section

four thousand three hundred and thirty of the Political Code, the Act of 1869–70, before cited, was repealed, so far as the salaries and fees of District Attorneys were thereby determined, it being upon the same subject, and that therefore those officers are now only entitled to the salaries fixed by that section. This view seems to be sustained by the fact that the salary of the District Attorney of San Joaquin County was increased by this section from fifteen hundred to twenty-five hundred dollars, thus showing that the intention of the Legislature was to cut off the fees and increase the salary, so as to thereby afford that officer full compensation.

By the COURT:

We are of the opinion that section four thousand three hundred and thirty of the Political Code as amended by the Act of March 28th, 1872 (Stats. 1871–2, p. 653), was intended to regulate the salaries of District Attorneys as contradistinguished from fees, to which they were entitled under existing laws, and was not intended and did not have the effect to repeal prior statutes, allowing fees in addition to salaries.

Peremptory mandate as prayed for ordered in each case.